IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 13, 2016

## STATE OF TENNESSEE v. JOHN EUGENE GRIGSBY

**Appeal from the Criminal Court for Davidson County**
**No. 2012D3333     J. Randall Wyatt, Jr., Judge**

_____

**No. M2015-01376-CCA-R3-CD – Filed February 9, 2016**

_____

Appellant, John Eugene Grigsby, was convicted of attempted second degree murder and reckless endangerment.  Appellant later filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed, holding that appellant had failed to state a colorable claim.  On appeal, appellant argues that the trial court erred in summarily dismissing his motion.  Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

John Eugene Grigsby, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Appellant was convicted of attempted second degree murder and reckless endangerment and received an effective sentence of thirteen years in July 2013.  In 2015, appellant filed a pro se motion challenging his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court summarily dismissed on July 2, 2015.  Appellant now argues that the trial court erred by summarily dismissing his motion after

he had presented a colorable claim for relief from an illegal sentence. Specifically, appellant argues that he stated a colorable claim when he argued that his judgment of conviction did not properly reflect the trial court's ruling that he was not responsible for court fees and fines and that the trial court improperly classified him as a Range II offender instead of a Range I offender.

In 2013, the Tennessee General Assembly promulgated Rule 36.1, which provides, in part:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.
>
> . . . .

Pursuant to Rule 36.1, appellant would be entitled to a hearing and appointment of counsel if he stated a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). Our supreme court has recently stated that a colorable claim pursuant to Rule 36.1 is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015). The supreme court elaborated that a Rule 36.1 motion "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based," and the motion may be supported with affidavits. *Id.*

Rule 36.1 defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court held that this definition of an illegal sentence is "coextensive with, and not broader than, the definition of the term in the habeas corpus context" as

articulated in *Cantrell v. Easterling*.[1]  *James D. Wooden*, __ S.W.3d at __, 2015 WL 7748034, at *7.  The supreme court stated:

> Sentencing errors fall into three categories—clerical errors, appealable errors, and fatal errors.  Only fatal errors render sentences illegal.  Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected at any time under Tennessee Rule of Criminal Procedure 36.  The second category—appealable errors— consists of "those errors for which the Sentencing Act specifically provides a right of direct appeal."  Included in this category are claims "akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction," such as claims that the record does not support the trial court's factual findings regarding sentencing.  Claims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence.  The final category is fatal errors, and these errors are "so profound as to render the sentence illegal and void."  This category consists of any sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses.

*Id*. (citations omitted).

Appellant has failed to state a colorable Rule 36.1 claim.  First, appellant argues that his judgment of conviction did not properly reflect the trial court's ruling that he was not responsible for court fees and fines.  This argument does not allege that his sentences were not authorized by the applicable statutes or directly contravened an applicable statute.  Instead, his argument alleges that a mistake was made in filling out the judgment; therefore, this argument falls in the first category of sentencing errors—clerical mistakes.  As such, this argument does not state a colorable Rule 36.1 claim and should instead be properly addressed pursuant to Tennessee Rule of Criminal Procedure 36.

Appellant's second claim fits squarely within the second category of sentencing errors—appealable errors.  Appellant argues that "an amended judgment should be issued to reflect a legal sentencing of 12 years or less instead of his 13-yr. sentence [at] 30% and not 35%."  This argument essentially challenges appellant's offender classification as a

---

[1] *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011).

Range II offender for his attempted second degree murder conviction, which made his sentencing exposure "not less than twelve (12) nor more than twenty (20) years." Tenn. Code Ann. § 40-35-112(b)(2). However, if appellant had been classified as a Range I offender, his sentencing exposure would have been "not less than eight (8) nor more than twelve (12) years." *Id.* § 40-35-112(a)(2). Furthermore, if appellant had been classified as a Range I standard offender, his release eligibility date would "occur after service of thirty percent (30%) of the actual sentence imposed less sentence credits earned and retained by the defendant." *Id.* § 40-35-501(c). However, because he was classified as a Range II multiple offender, his release eligibility date is set to "occur after service of thirty-five percent (35%) of the actual sentence imposed less sentence credits earned and retained by the defendant." *Id.* § 40-35-501(d). Therefore, appellant's challenges to his sentencing length and release eligibility date amount to an offender classification challenge. Our supreme court in *Cantrell* explained that offender classification rests on issues of fact, such as "number, classes, and dates of his prior convictions." *Cantrell v. Easterling*, 346 S.W.3d 445, 451 (Tenn. 2011). The court stated that "[s]uch an appeal is in the nature of a challenge to the sufficiency of the evidence" and may be raised on direct appeal. *Id.* However, "an allegedly erroneous offender classification does not create an illegal sentence so long as the offender classification is available under the Sentencing Act." *Id.* at 459. Therefore, because Range II multiple offender is an available sentencing classification, appellant has failed to show that he received an illegal sentence pursuant to Rule 36.1. Appellant alleges an appealable rather than a fatal error. Appellant failed to present a colorable Rule 36.1 claim.

Finally, appellant asserts that the State erred in failing to respond to his motion within the thirty-day time allotment set forth in Rule 36.1(b). However, subsection b states, in part:

> If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Based on this language, the thirty-day time frame is only applicable after the court determines that appellant's motion states a colorable claim and appoints counsel. Therefore, appellant's claim is meritless.

## CONCLUSION

Because we conclude that appellant has failed to allege a colorable Rule 36.1 claim, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE